FRANK B. PARDEY *vs.* AMERICAN SHIP WINDLASS CO.

PROVIDENCE — JUNE 19, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

While it is true generally that a minor cannot bind himself by his contracts, for want of legal capacity, it is equally well settled that he may bind himself by a contract for necessaries, if reasonable, or by a contract beneficial to him.

A contract of apprenticeship entered into by a minor, with the sanction of his father, and containing reasonable provisions for his compensation and for instruction in a useful art, is a contract for necessaries and beneficial to the minor.

Such a contract contained a provision that one dollar per week be retained by the master from the minor's wages, payable to him at the end of the term of apprenticeship, but to be forfeited if he should leave the employment before

---

that time or be discharged for cause. After attaining his majority, and before the end of the term, the apprentice voluntarily left the employment:—

*Held*, that the contract was binding on the apprentice, and that the sum retained from his wages was forfeited.

ASSUMPSIT for wages earned by plaintiff and detained by the defendant under a contract of apprenticeship. Certified from a District Court, and heard on demurrer to the declaration.

MATTESON, C. J.   This is assumpsit to recover money claimed to be due to the plaintiff for wages retained by the defendant, under the contract between them referred to below.   The case is set forth in an agreed statement of facts as follows :  The plaintiff entered the employment of the defendant April 17, 1893, under a contract by which he was to work for the defendant in the pattern making business for the term of three years and a half.   The defendant bound itself to pay the plaintiff for each day's labor of ten hours at the rate of 66⅔ cents for the first year, 83⅓ cents for the second year, $1 for the third year, and $1.16⅔ for the last half year, and also to give the plaintiff reasonable and proper instruction as a pattern maker.   The contract further provided that the sum of one dollar per week from the wages earned should be retained by the defendant till the end of the term, and should then be paid to the plaintiff with interest from the end of each year, but that if the plaintiff should leave the employment before the end of the term, or be discharged for cause, the money retained should be forfeited.   At the time of entering the employment the plaintiff was a minor.   The contract was signed by him, and affirmed and approved by his father, Harold O. Pardey.   The plaintiff attained his majority in July, 1895, and left the defendant's employment of his own accord September 7, 1895.   The amount of wages retained under the contract, as shown by the defendant's books of account, is $124.   All other sums agreed to be paid under the contract have been paid.

The plaintiff proceeds on the theory that the contract was voidable because of his minority, and that as he did not ratify

it on becoming of age, but avoided it, and as the wages speci-
fied in the contract were presumably the value of the labor
performed, he is entitled to recover so much of them as the
defendant has retained.

The plaintiff is mistaken in his supposition that the contract
was voidable.  For, though it is true generally that a minor
cannot bind himself by his contracts, for want of legal capac-
ity, it is equally well settled that he may bind himself by a
contract for necessaries, if reasonable, or by a contract bene-
ficial to him.   *Stone* v. *Dennison*, 13 Pick. 6 ; *Cooper* v. *Sim-
mons*, 7 H. & N. Exch. 719 ; Sch. Dom. Rel. 5 ed. §§ 410, 411.
The contract before us fulfills these requirements.    It is a con-
tract for necessaries, and is beneficial to the plaintiff since it
stipulates for his instruction in the useful art of pattern
making, by which he would be better able to earn a liveli-
hood.    In Co. Litt. 172, a, it is laid down that "an infant
may bind himself to pay for his necessary meat, drink, ap-
parel, necessary physic, and such other necessaries, and like-
wise for his good teaching or instruction whereby he may be
profited himself afterwards."    In *Middlebury College* v.
*Chandler*, 16 Vt. 683, the court held that a common school edu-
cation was to be regarded as necessary, but that a collegiate
education was not *prima facie* so, though it might be shown
to be in a particular case.    The court, however, limited its
opinion strictly to a collegiate education, saying that it was
not to be understood as referring to professional studies or to
"the education and training which is requisite to the knowl-
edge and practice of the mechanic arts," which "partake of
the nature of apprenticeships and stand on peculiar grounds
of reason and policy."    And see *Cooper* v. *Simmons*, 7 Exch.
719, in which the indenture of apprenticeship provided for the
instruction of the infant in the art of a rim and mortice lock-
maker, and in which it was held that the apprentice was
bound by his contract of service.

The contract in the present instance was made with the
sanction of the plaintiff's father, and there is nothing in the
case as stated to show that the rate of compensation provided
in it was not fair and reasonable, or that the retention of the

one dollar per week until the completion of the term of service, the purpose of which we presume was to ensure the plaintiff's performance of his contract, was not also reasonable.

As the contract was binding on the plaintiff and he has violated it by leaving the employment, he must be considered to have forfeited the wages retained as provided by the contract, and hence judgment must be rendered for the defendant for its costs.

Case remitted to the District Court of the Sixth Judicial District, with direction to enter judgment for the defendant for costs.

*Henry W. Hayes*, for plaintiff.

*Arnold Green*, for defendant.